1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   JONNIE THERESA CHEVERILLA,          Case No. 5:16-cv-00875-GJS

            Plaintiff
12                                        **MEMORANDUM OPINION AND**
         v.                               **ORDER**
13

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15            Defendant.

16              **I.    PROCEDURAL HISTORY**

17         Plaintiff Jonnie Theresa Cheverilla ("Plaintiff") filed a complaint seeking

18   review of Defendant Commissioner of Social Security's ("Commissioner") denial of

19   her application for Disability Insurance Benefits ("DIB") and Social Security

20   Income ("SSI").  The parties filed consents to proceed before the undersigned

21   United States Magistrate Judge [Dkt. 11, 12] and briefs addressing disputed issues in

22   the case [Dkt. 17 ("Pltf.'s Br.") & Dkt. 18 ("Def.'s Br.")].  The Court has taken the

23   parties' briefing under submission without oral argument.  For the reasons set forth

24   below, the Court affirms the decision of the ALJ and orders judgment entered

25   accordingly.

26        **II.    ADMINISTRATIVE DECISION UNDER REVIEW**

27         On March 6, 2013, Plaintiff filed an application for DIB, alleging that she

28   became disabled as of July 11, 2012.  On March 7, 2013, Plaintiff filed an

application for SSI, alleging the same disability onset date.  [Dkt. 20, Administrative Record ("AR") 25, 187-194.]  The Commissioner denied her initial claim for benefits and then denied her claim upon reconsideration.  [AR 25, 125, 134.]  On August 21, 2014, a hearing was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr.  [AR 41-72.]  On October 31, 2014, the ALJ issued a decision denying Plaintiff's request for benefits.  [AR 25-39.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1) 416.920(b)-(g)(1).  At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since July 11, 2012, the alleged onset date.  [AR 27.]  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus, left shoulder disorder, carpal tunnel syndrome, and obesity.  [AR 27 (citing 20 C.F.R. §§ 404.1520, 416.921; Social Security Rulings ("SSR") 85-28, 96-3P, 96-4P.]  Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 29 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [S]edentary work as defined in 20 CFR 404.1567(b) and 416.967(b).  Specifically, the claimant can occasionally [and frequently] lift and carry 10 pounds…she can sit for six hours in an eight-hour day; she can stand and walk two hours in an eight-hour day; she can occasionally bend at the waist and occasionally climb stairs; she must avoid climbing ladders and lifting her left arm above shoulder-level; she can use her hands up to frequently [sic]; and she must avoid driving and working in environments exposed to dangerous machinery.

[AR 30.]  Applying this RFC, the ALJ found that Plaintiff was able to perform her past relevant work as a personnel clerk, receptionist, and personnel recruiter and,

2

thus, is not disabled.  [AR 33.]  Plaintiff sought review from the Appeals Council, which denied review.  [AR 1-7.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.   DISCUSSION

Plaintiff now appeals the decision of the ALJ, and raises two related issues. First, Plaintiff contends that the ALJ erred by failing to articulate valid reasons for discounting the opinions of State agency physicians, Dr. James Wright, M.D. and Dr. Jeanine Kwun, M.D. [Pltf.'s Br. at 4-7.]  Second, she argues that the ALJ's error was not harmless, because if the ALJ fully credited the State agency physicians' opinions, he would have reached a different disability determination.  [Pltf.'s Br. at 7.]

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine, but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  *See* 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant.  *Smolen v. Chater*, 80 F.3d

3

1273, 1285 (9th Cir. 1996).  However, an ALJ is not bound to accept the opinion of a treating physician.  The ALJ may give less weight to a treating physician's opinion that conflicts with other medical evidence if the ALJ provides specific and legitimate reasons for discounting the opinion supported by substantial evidence in the record.  *See Lester*, 81 F.3d at 830-31.

Although ALJs "are not bound by any findings made by [nonexamining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled" because such specialists are regarded as "highly qualified . . . experts in Social Security disability evaluation."  20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i).  "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist."  20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii); *see also* SSR 96-6p ("Findings...made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.").

Here, Plaintiff's treating physician, Dr. Leah Patrick, D.O., opined that Plaintiff should avoid bending, twisting, heavy lifting, and driving.  [AR 33, 455.] State agency physicians, Dr. Wright and Dr. Kwun, reviewed Plaintiff's medical records both at the initial level [AR 77, 86] and at the reconsideration level [AR 100, 112].  Both State agency physicians concluded that Plaintiff "could perform light work with limitations in front, lateral, and overhead reaching with her left

arm." [AR 33, 77, 86, 100, 112.] In regards to her left shoulder impairment, Plaintiff testified at the hearing that she can lift eight pounds and that she can raise her left arm to head level but it "pinches" when she does so.[1] [AR at 47, 51-52.] Plaintiff contends that the ALJ erred by failing to incorporate the State agency physicians' front and lateral reaching limitations into Plaintiff's RFC. [Pltf.'s Br. at 4-7.] The Court disagrees.

In the ALJ's decision, he considered Dr. Wright's and Dr. Kwun's opinions and stated appropriate reasons for giving them less weight. *See* 20 C.F.R. §§ 404.1527(e)(2) (ii), 416.927(e)(2)(ii); *see also* SSR 96-6p. Specifically, the ALJ considered Dr. Wright's and Dr. Kwun's finding that Plaintiff had front, lateral, and overhead reaching litigations for her left arm, but relied instead on the opinion of Plaintiff's treating physician, Dr. Patrick. [AR 33.] Dr. Patrick opined that Plaintiff should avoid heavy lifting, but did not find *any* left arm reaching limitations. [AR 455.]

The ALJ also cited other medical evidence to support his assessment of Plaintiff's functioning. [AR 33.] The ALJ noted that Plaintiff's treatment records showed that the pain caused by Plaintiff's left shoulder disorder was controlled with conservative treatment, including use of homemade ointment and ibuprofen. [AR 32, 437, 454-455.] The Ninth Circuit has held that "impairments that can be controlled effectively with medication are not disabling for the purpose of considering eligibility for [] benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

In sum, the ALJ assigned greater weight to Dr. Patrick's treating physician opinion than those of the state agency non-examining physicians, and additionally

---

[1] Despite the ALJ's determination that Plaintiff's testimony is not fully credible (a finding that Plaintiff does not challenge), the ALJ accommodated Plaintiff's subjective complaints by going beyond the recommendation of her treating physician and State agency physicians and limiting Plaintiff to *sedentary* work.

1  discussed specific medical record evidence that supported Dr. Patrick's less
2  restrictive opinion.  The ALJ thereby resolved any conflicts in the medical evidence
3  concerning Plaintiff's left shoulder impairment.  [AR 33]; *see Thomas v. Barnhart*,
4  278 F.3d 947, 956-57 (9th Cir. 2002).

5      The Court's review of the record shows that the ALJ's reasons for
6  discounting the opinions of the State agency physicians are supported by substantial
7  evidence.  Accordingly, remand is not warranted on this basis.[2]  *See Molina v.*
8  *Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).

9                          **V.   CONCLUSION**

10     For all of the foregoing reasons, **IT IS ORDERED** that the decision of the
11  Commissioner finding Plaintiff not disabled is AFFIRMED.

12

13  **IT IS SO ORDERED.**

14

15  DATED: January 09, 2017     _____

16                          GAIL J. STANDISH
                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26  _____

27  [2] Since the Court finds that the ALJ did not err in assigning less weight to Dr.
    Wright's and Dr. Kwun's opinions, the Court elects not to address the harmless
28  error argument.

                                6